UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HARDEE'S FOOD SYSTEMS, INC.,        )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )    No. 4:05CV917-DJS
                                    )
MOHAMMAD IQBAL and VIRGINIA IQBAL,  )
                                    )
        Defendants.                 )

ORDER

Plaintiff Hardee's Food Systems, Inc. brings the instant action for breach of contract to enforce the personal guarantees of defendants Mohammad Iqbal and Virginia Iqbal. Mohammad Iqbal is the President and principal shareholder of North Central Food Systems, Inc. ("NCFS"), and Virginia Iqbal is his wife. NCFS is a franchisee of Hardee's restaurants. A Master Franchise Agreement dated August 28, 2003 governs the operation of 75 Hardee's Restaurants by NCFS. The Iqbals signed a Guarantee and Assumption of Franchisee's Obligations (the "Guarantee") in connection with the execution of the Master Franchise Agreement. Now before the Court is defendants' motion to dismiss challenging the Court's personal jurisdiction over the defendants. The issue presented is one of contract interpretation, a matter of law for the Court. Union Electric Company v. Southwestern Bell Telephone L.P., 378

F.3d 781, 786 (8th Cir. 2004); Swartz v. Mann, 160 S.W.3d 411, 414 (Mo.App. 2005).

Defendants are citizens of California. Plaintiff contends that the Iqbals contractually agreed to personal jurisdiction in this forum, where Hardee's principal offices are located. By signing the Guarantee, the Iqbals "agree[d] personally to be bound by each and every provision in" the Master Franchise Agreement. Guarantee [Doc. #1.2], p.45. The Guarantee further incorporated by reference "Sections 27.A. through 27.D. of" the Master Franchise Agreement. Id. at 46. Section 27.B. of the Master Franchise Agreement provides that Hardee's may file suit against the Franchisee in "the federal or state court located in the jurisdiction where its principal offices are located at the time suit is filed." Master Franchise Agreement [Doc. #1.1], p.40. Further, Section 27.B. provides that "Franchisee consents to the personal jurisdiction of th[at] court[] over Franchisee and venue in th[at] court[]." Id.

Defendants argue that the Guarantee's incorporation of Section 27.B. merely adopts the agreement *of NCFS as the Franchisee* to the exercise of personal jurisdiction in this forum. Defendants contend that the pertinent language of the two agreements does not expressly provide for consent to personal jurisdiction *by the Iqbals as guarantors*. The Court rejects such a literal reading, which would render the Guarantee's incorporation of Section 27.B.

2

a nullity.  Furthermore, to read the incorporation to adopt Section 27.B. with "Guarantors" in place of "Franchisee" is consistent with the general purpose of the Guarantee, expressed in its title as an "Assumption of Franchisee's Obligations," and more specifically stated in its opening paragraph, in which the Iqbals "agree personally to be bound by each and every provision in the Agreement...without limitation."  Guarantee [Doc. #1.2], p.45.

Defendants argue that the Court's reading creates a redundancy which militates against such an interpretation.  Section 27.E. of the Master Franchise Agreement provides for an award of costs and attorney's fees to the prevailing party in an action to enforce that agreement.  Master Franchise Agreement [Doc. #1.1], p.40.  The Guarantee provides that if Hardee's brings an action to enforce the Guarantee, the prevailing party shall be entitled to an award of costs and attorney's fees.  Guarantee [Doc. #1.2], p.45. Because in the absence of the Guarantee's provision, there would exist no contractual authority for an award of fees and costs in an action to enforce the Guarantee, no redundancy is created.  In any event, under principles of contract interpretation, a reading rendering provisions meaningless is more to be avoided than one creating a harmless redundancy.

In reaching its conclusion, the Court is guided by general principles of construction:

> 'The cardinal principle for contract interpretation is to ascertain the intention of the parties and give effect to that intent.'  We use the plain, ordinary and usual

3

> meaning of the contract's words and consider the document as a whole. Each term and clause is construed to avoid an effect that renders other terms and provisions meaningless. A construction attributing a reasonable meaning to each phrase and clause, and harmonizing all provisions of the agreement is preferred to one that leaves some of the provisions without function or sense.

State ex rel. Mo. Hwy. and Transp. Comm'n. v. Maryville Land Partnership, 62 S.W.3d 485, 491-92 (Mo.App. 2001) (citations omitted). The interpretation of the Guarantee to include defendants' consent to personal jurisdiction and venue in the specified fora is the interpretation most reasonable and cohesive when the Master Franchise Agreement and Guarantee are considered as a whole.

The interpretation is further supported by a more recent agreement executed by Hardee's, NCFS and the Iqbals. In October 2004, in connection with the closing of 11 of the Iqbals' Hardee's restaurants, the parties executed a "Termination Agreement and Amendment of the Master Franchise Agreement." Although that document deals principally with the closure of those 11 restaurants and the termination of the associated franchises, it contains some more generally-worded provisions on the subject of litigation between the parties. Section 9.A. of the Termination Agreement provides that claims arising out of the Termination Agreement "and any other claim or controversy between the parties" shall be governed by Missouri law. Termination Agreement [Doc. #1.4], p.4. Section 9.B. addresses the place of filing of suit in the event that "any disputes" cannot be resolved directly between the

4

parties.  Id.  Section 9.B. goes on expressly to provide that both "Franchisee and Guarantors consent to the personal jurisdiction of those courts [including this court] over Franchisee and Guarantors and consent to venue in those courts."  Id.  This language of Section 9 is broad enough to encompass disputes and litigation among the parties beyond claims arising from the Termination Agreement itself, and supports a finding that the Iqbals have consented to be sued in this forum.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #10] is denied.


Dated this ____22_____ day of September, 2005.


                                    /s/ Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE